**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-20096-CIV-DAMIAN/Goodman**

**ALPHA SIGNS AND DESIGNS**,

    Plaintiff,

vs.

**THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"**,

    Defendants.
_____/

**SEALED ORDER**

**THIS CAUSE** came before the Court upon Magistrate Judge Jonathan Goodman's Sealed Report and Recommendations Regarding Plaintiff's *Ex Parte* Application for Injunctive Relief [ECF No. 23 (the "Report")], entered on April 3, 2024.

On February 5, 2024, Plaintiff, Alpha Signs and Designs ("Plaintiff"), filed a Complaint alleging Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" ("Defendants"), are advertising, promoting, offering for sale, or selling goods through individual online-based seller stores and using or bearing copies of Plaintiff's copyrighted works. *See generally* ECF No. 11. Then, on February 5, 2024, Plaintiff filed an *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets and Incorporated Memorandum of Law. [ECF No. 14 (the "*Ex Parte* Motion")]. The relief requested in the *Ex Parte* Motion is evident through its title. The Court referred the matter to Judge Goodman for a report and recommendation pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules for the Southern District of Florida. [ECF No. 18].

On April 3, 2024, Judge Goodman issued the Report recommending that the District Court: (1) grant Plaintiff's request for a temporary restraining order and an incorporated order restraining transfer of Defendants' assets and Seller IDs; (2) set a Zoom hearing date related to the preliminary injunction request; (3) mandate that Plaintiff serve a copy of this Order, the Report, its *Ex Parte* Motion [ECF No. 14], and the Complaint at least five days before the preliminary injunction hearing date to Defendants; (4) require Plaintiff to file Certificates of Service on CM/ECF once complete; and (5) require Plaintiff to post a bond in the amount of $10,000.00. To date, no objections have been filed.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. Based on that review, the

undersigned agrees with Judge Goodman's well-reasoned analysis and recommendations, as stated above. Accordingly, it is

**ORDERED AND ADJUDGED** that:

1. Judge Goodman's Report and Recommendation [ECF No. 23] is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference;

2. Plaintiff is required to comply with all recommendations set forth in the Report, including but not limited to:

   a. A Temporary Restraining Order is hereby **ENTERED** against all entities included in Plaintiff's Schedule "A" to the Complaint [ECF No. 11-3], to become effective on **May 24, 2024, at 12:00 p.m. EST**;

   b. Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff must post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

   c. Plaintiff shall post copies of the Complaint [ECF No. 11], Motion [ECF No. 14], Report [ECF No. 23], and this Order, as well as all other documents filed in this action as directed in the Report; and

   d. After Plaintiff's counsel has received confirmation from the financial institutions regarding the funds restrained as directed herein, Plaintiff shall serve copies of the Complaint, Motion, Report, and this Order on each Defendant pursuant to the methods authorized in the Court's Order Authorizing Alternate

Service of Process [ECF No. 20]. Plaintiff shall file Certificates of Service once complete.

3. All parties shall appear before the undersigned for a **HEARING** to be held on **June 10, 2024, at 2:00 p.m. EST**, at which time Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiff's requested preliminary injunction. The Hearing will be held at the United States Federal Building and Courthouse, 299 East Broward Boulevard, Courtroom 205C, Fort Lauderdale, Florida 33301.

4. Any response or opposition to Plaintiff's *Ex Parte* Motion must be filed and served on Plaintiff's counsel by **May 31, 2024**, and filed with the Court, along with Proof of Service. Plaintiff shall file any reply memorandum by **June 6, 2024**. The above dates may be revised upon stipulation by all parties and approval of this Court.

**Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 15 U.S.C. § 1116(d), 17 U.S.C. § 502, Federal Rule of Civil Procedure 65, The All Writs Act, 28 U.S.C. § 1651(a), and this Court's inherent authority.**

**DONE AND ORDERED** in the Southern District of Florida, this 24th day of May, 2024.

_____
MELISSA DAMIAN
UNITED STATES DISTRICT JUDGE

cc: counsel of record